

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
(406) 756-9100

Judah M. Gersh
Brian M. Joos
VISCOMI & GERSH, PLLP
121 Wisconsin Ave.
Whitefish, MT 59937
(406) 862-7800

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
(406) 752-5566
Attorneys for Plaintiff

CLERK OF DISTRICT COURT

2016 OCT 21  PM 12: 17

FILED

BY_____
DEPUTY

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT,
## FLATHEAD COUNTY

| | | |
|---|---|---|
| SETH KONECKY and JENNIFER KONECKY, husband and wife, FLATHEAD VALLEY DIST., INC., a Montana Corporation, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | Cause No. DV-16-877 A  Judge: **AMY EDDY** |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND |
| ALLSTATE FIRE & CAS. INS. CO., | ) | |

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 1

ALLSTATE INDEM. CO., ALLSTATE    )
PROP. & CAS. INS. CO., ALLSTATE    )
INS. CO., ENCOMPASS INDEM. CO.,    )
HAILEY TOLSON and, NATHAN    )
TOLSON,    )
           )
      Defendants.    )

COME NOW Plaintiffs, Seth Konecky, Jennifer Konecky and Flathead Valley

Dist., Inc, a Montana "S" Corporation that is owned by the other two named Plaintiffs

(hereafter collectively "Koneckys"), by and through their attorneys of record, and

complain and allege as follows:

## JURISDICTION

1.  This Court has jurisdiction over this case. The amount in controversy

exceeds $75,000. The Individual Plaintiffs are residents and citizens of the State of

Montana and the Corporate Plaintiff is a Montana "S" Corporation, owned by the

individual Plaintiffs and doing business solely in Montana. Defendant Hailey Tolson

(hereafter "Hailey") is a resident and citizen of Montana. Defendant Nathan Tolson

(hereafter "Nathan") is a resident and citizen of the State of Montana. The residence

and citizenship of the other defendants are as stated below.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 2

## PARTIES AND GENERAL ALLEGATIONS

2.      The collision and litigation on the collision, which underlies this case, occurred in Flathead County, Montana.

3.      Defendant Allstate Ins. Co. [hereafter "Allstate"] and Defendants Allstate Fire & Cas. Ins. Co., Allstate Indem. Co., Allstate Prop. & Cas. Ins. Co., Encompass Indem. Co. [hereafter collectively "the Allstate Companies"] are corporations existing under the laws of States in the United States of America other than Montana, and have their principal place of business outside of Montana. Allstate and the Allstate Companies are authorized to transact business in Montana. Allstate and the Allstate Companies regularly transact business in Montana. Allstate and the Allstate Companies are jointly, severally and vicariously liable for the acts and omissions of each other on all tort claims.

4.      Allstate and the Allstate Companies are insurers who issue insurance policies in the State of Montana, and jointly and programmatically use common subrogation strategy and adjustment procedures described in this complaint.

5.      In addition to the adjustment of Plaintiffs' claims within the state of Montana, Allstate and the Allstate Companies also jointly adjust automobile subrogation claims in the State of Montana by (a) working together to design the

adjustment procedures and strategies; (b) jointly employing claims adjusters under a single jointly administered employment arrangement; ( c) jointly training these adjusters to utilize for all such companies the same procedures in adjusting, including the procedures for collection of subrogation arising from damages suffered by Montana insureds; (d) jointly managing and directing these adjusters on specific procedures in adjusting, including the procedures for collection of subrogation arising from damages suffered by Montana insureds; (e) jointly compensating the adjusters for such conduct, and jointly paying to such adjusters bonuses reflecting common profitability experienced by the collective companies through the implementation of the jointly developed and administered adjustment and subrogation strategies.

6. Allstate and the Allstate Companies further have engaged in concerted action, with each other in the procedures for collection of subrogation arising from damages suffered by Montana insureds. Through this relationship and direction, Allstate and the Allstate Companies are "person[s]" under §33-18-201 and §33-1-202, MCA, that owe adjustment duties to Koneckys and members of the class. Allstate and the Allstate Companies have further engaged in concerted action with each other on the adjustment of Koneckys' claims and the procedures for collection of subrogation arising from damages suffered by Montana insureds.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 4

7.     Allstate and the Allstate Companies are, by reason of each such company's and individual's contribution to, and participation in the adjustment of the claims described herein, a "person" under §33-18-201, and §33-1-202, MCA, which owes adjustment duties to Koneckys and members of the class.

8.     Allstate and the Allstate Companies utilize a company transacting business under various names, and companies which utilize the same or substantially the same name or names, which are jointly funded by and act as a common agent for Allstate and the Allstate Companies. The subrogation language of Allstate and the Allstate Companies' insurance policies and contracts are identical or are substantially identical for all defendants. The adjusting procedures for Allstate and the Allstate Companies are identical, were commonly developed and are jointly administered.

9.     Allstate and the Allstate Companies are part of a group of businesses conducting business in Montana that aid and abet and conspire with each other with respect to implementing the unlawful subrogation conduct described in this Complaint against all insureds of Allstate and the Allstate Companies, and are otherwise connected in a common course of conduct and scheme to deny Montana insureds' appropriate benefits through jointly conceived, jointly designed and jointly implemented claim adjustment including the wrongful collection and conversion of

subrogation funds in violation of Montana law.

10.    Allstate and the Allstate Companies jointly administer the adjustment of Montana claims as part of a common course of conduct and scheme.

11.    The acts and omissions relating to Koneckys which give rise to this case occurred within Montana and were related to a claim that arose in Flathead County, Montana.

12.    Allstate and the Allstate Companies are jointly and severally liable to Koneckys and the class because each was involved in a common scheme, and each aided and abetted the other in the acts and omissions which constitute the basis for this action and by aiding and abetting the unlawful conduct of each company.

13.    All Defendants are jointly and severally liable to Koneckys and the class because their actions are juridically linked such that resolution of the propriety of the conduct alleged with respect to one defendant is necessarily a resolution with respect to all such defendants. This Court should consider the class claims against all defendants based on the adequate juridical link that exists.

14.    In addition, all Allstate and the Allstate Companies are jointly and severally liable to Koneckys and the class under the theory of civil conspiracy, and the elements of Montana law, as set forth in Count Four of Koneckys' individual claims

and Claim Seven of the Class Claims.

15.    Koneckys had an insurance policy with Allstate, and a claim and adjusting relationship with Allstate and thus with the remainder of the Allstate Companies, as a first party insureds in regards to property damage and other casualty insurance coverage. All insureds in the class are situated and treated similarly.

16.    Seth Konecky also had underinsured motorist coverage with his insurer.

17.    This case against Allstate and the Allstate Companies arises under the insurance policy contract and the statutory claims adjustment duties and tort duties under Montana's Unfair Trade Practices Act, set forth by §33-18-201 and §33-18-242, MCA, and common law.

18.    Seth Konecky suffered bodily injury and the Koneckys suffered damage to their property in an automobile accident that occurred in Flathead County, Montana, on December 25, 2014. Seth Konecky also incurred medical expenses as a result of the collision, property damage, a deductible, automobile rental charges, towing expense and other loss as a result of the December 25, 2014, accident. Allstate, aided by, abetted by and conspiring with the other Allstate Companies, collected and kept subrogation from the at fault driver's insurer without Koneckys being made whole for their property damage, specifically the attorney fees that were required to recover

damages that were not covered under the property sections of Koneckys' insurance policy and, Seth Konecky suffered bodily injury damages and was not made whole before subrogation.

19.    Allstate paid Koneckys benefits under the property coverage for Koneckys' covered damages but this did not make Koneckys whole for all of their losses. Without notifying Koneckys of their right to be made whole before subrogation was permitted under Montana law, Allstate asserted a subrogation interest against Hailey and Nathan and their insurer and proceeded to collect payment from them and/or their insurance carrier for property damage paid to Koneckys under their collision coverage with Allstate.  Koneckys' had not been made whole for their property damage at the time the subrogation was sought and received by Allstate, and has not been made whole at the time of the filing of this Complaint, in that they have not been reimbursed for attorney fees incurred in the collection of property damage that Allstate did not pay under the policy and Seth Konecky have unrecovered personal injury damages.

20.    At the time of the filing of this Complaint, Koneckys have not settled with Hailey and Nathan or their insurer, nor have they released either from liability. Koneckys have not been made whole or fully compensated for their damages.  Allstate

therefore had no legal right to collect and keep subrogation. Allstate and the Allstate Companies failed to conduct a reasonable investigation to determine if Koneckys would be or were made whole, in violation of §33-18-201 (4), MCA. Allstate and the Allstate Companies misrepresented facts regarding its insurance policy by a deceptive procedure of intentionally ignoring its insured's rights to be made whole before collecting and keeping subrogation, and by concealing its subrogation recovery from its own insured in violation of §33-18-201 (1), MCA. Allstate and the Allstate Companies failed and neglected to attempt, in good faith, to negotiate a prompt, fair and equitable settlement of their alleged subrogation interest against their claim against a third party in violation of §33-18-201 (6), MCA. Allstate and the Allstate Companies violated other subsections of §33-18-201, MCA, as well.

21.    Allstate and the Allstate Companies violated Montana's established law and public policy by collecting a premium for property and casualty coverages while asserting and maintaining a claim to an absolute right to collect and keep subrogation from third-parties who are liable to the insured without the insured being made whole, and without first making a determination of the insured's unrecovered losses as required by Montana law.

22.     As a result of the Allstate and the Allstate Companies' acts and omissions, Koneckys have suffered damages and have suffered the conversion of proceeds of their claim against Hailey and Nathan and their insurer. Allstate and the Allstate Companies owe Koneckys all damages determined to be due by the Jury, plus interest and attorney fees.

23.     Allstate and the Allstate Companies' acts and omissions constitute "actual malice," pursuant to §27-1-221, MCA.   Punitive damages should be assessed against Allstate and the Allstate Companies in accordance with the law of Montana.

24.     Hailey and Nathan are insured by AAA.   Hailey was negligent in the operation of her vehicle and such negligence caused the accident which caused damages to Koneckys for which Hailey is liable.   Hailey was intoxicated at the time of the accident and Nathan negligently entrusted his vehicle to Hailey.   As a result of Hailey's intoxication, Hailey and Nathan acted with actual malice so as to allow the Jury to consider punitive damages against them.   As a result of Hailey's and Nathan's negligence, Koneckys have suffered damages.    Hailey and Nathan are liable to Koneckys for all bodily injury and property damage they have suffered in an amount to be determined at trial.

## COUNT ONE
### (Negligence)

25.    Koneckys incorporate paragraphs 1-24 above into this Count.  This Count is against Hailey and Nathan.

26.    Hailey was negligent in causing the automobile accident, and her negligence caused damages to Koneckys in an amount to be determined by the Jury. Nathan was negligent in entrusting his vehicle to Hailey, and his negligent entrustment was a legal cause of Koneckys' damage.

27.    Hailey and Nathan are liable to Koneckys for all damages awarded due their negligence.  Hailey' and Nathan's acts and omissions were perpetrated with "actual malice" and the Jury should award appropriate punitive damages under Montana law.

## COUNT TWO
### (Contractual Underinsured Coverage)

30.    Seth Konecky incorporate paragraphs 1-27 above into this Count.

31.    Seth Konecky had underinsured coverage with Allstate.

32.    Hailey's and Nathan's coverage limits are inadequate to cover Seth Konecky's bodily injury damages and he is therefore entitled to benefits under his underinsured coverage with Allstate.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 11

33.    Allstate, is liable to Seth Konecky for such amount as the Jury finds are due for underinsured coverage up to the limits of the policy. Allstate, is further liable to Seth Konecky for his reasonable attorney fees and costs of suit.

## COUNT THREE
### (Statutory Insurance Bad Faith)

34.    Koneckys incorporate ¶¶1 to 33, above, into this Count.

35.    The acts and omissions of Allstate and the Allstate Companies constitute statutory insurance bad faith for violation of §33-18-242, MCA.

36.    Koneckys have been damaged by Allstate and the Allstate Companies' bad faith and they are jointly and severally liable to Koneckys for all damages found by the Jury. Allstate and the Allstate Companies are jointly and severally liable to Koneckys on the grounds that they acted in concert and aided and abetted each other in the wrongful conduct and combined in a civil conspiracy in the illegal conduct.

37.    Allstate and the Allstate Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA.    Punitive damages should be assessed against Allstate and the Allstate Companies pursuant to Montana law, for which they should be held jointly and severally liable.

## COUNT FOUR
(Breach of the Insurance Policy Contract and Implied Covenant of Good Faith)

38.    Koneckys incorporate ¶¶1 to 37, above, into this Count.

39.    The acts and omissions of Allstate, in it's actions, misrepresentations and concealment in regard to subrogation, constitute breach of the implied and express covenants of the insurance policy contract. Allstate breached its policy and contract with Koneckys.

40. Koneckys have been damaged by breach of the policy and Allstate and the remainder of the other Allstate Companies are liable to Koneckys for all damages found by the Jury, and interest at the rate of 10% per annum, from the time of its breach. Allstate, is further liable to Koneckys for their reasonable attorney fees and costs of suit.

## COUNT FIVE
(Constructive Fraud)

41.    Koneckys incorporate ¶¶1 to 40, above, into this Count.

42.    The acts and omissions of Allstate and the Allstate Companies constitute constructive fraud. Constructive fraud is "Fraud" under Montana law. Specifically, §28-2-404, MCA, which defines "fraud" as follows: "Fraud is either actual or constructive. . . ." Constructive Fraud is not a so-called preempted theory of liability

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 13

under §33-18-242(3), MCA.

43.   Koneckys have been damaged by Allstate and the Allstate Companies' constructive fraud and they are jointly and severally liable to Koneckys for all damages found by the Jury.   Allstate and the Allstate Companies are jointly and severally liable to Koneckys on the grounds that they acted in concert and aided and abetted each other in the wrongful conduct and combined in a civil conspiracy in the illegal conduct.

44.   Allstate and the Allstate Companies' acts and omissions were committed with "actual malice," pursuant to §27-1-221, MCA.   Punitive damages should be jointly and severally assessed against Allstate and the Allstate Companies pursuant to Montana law.

COUNT SIX
(Conversion)

45.   Koneckys incorporate ¶¶1 to 44, above, into this Count.

46.   The subrogation collected from the liability insurer by the Allstate on Koneckys' claim is Koneckys' property unless and until such time that (a) the insurer has made an investigation and determination of all of the losses of the insured, and (b) has determined and assured that the Koneckys have been made whole for all their damages as recognized by Montana law.

47.     The Koneckys have not been made whole, but Allstate and the Allstate Companies have converted the subrogation funds collected to their own use by collecting the same from Hailey's and Nathan's insurer and using the funds as their own rather than as the property of Koneckys. These insurers have concealed their taking of subrogation, and the resulting abrogation of the insureds' rights.

48.     Allstate and the Allstate Companies unlawfully converted Koneckys' funds and have damaged Koneckys in the amount of the conversion and interest upon that amount at the rate of 10% per annum until the amount is returned to the Koneckys.     Allstate and the Allstate Companies are liable to Koneckys for such damages, plus interest and attorney fees.     The conversion and abrogation of the insured's rights and the concealment were done with actual malice such that assessment of punitive damages should be made against Allstate and the Allstate companies.

## COUNT SEVEN
(Civil Conspiracy)

49.     Koneckys incorporate ¶¶1 to 48, above, into this Count. This "Count" is not included as a separate tort but rather as a vehicle to establish the joint and several liability of Allstate and the Allstate Companies for damages.

50.    The acts and omissions of Allstate and the Allstate Companies constitute a civil conspiracy. (a) There are two or more defendants who have joined together to commit the wrong. (b) All defendants jointly sought to accomplish the unlawful goal of collecting subrogation from third parties before Koneckys and other Montana Insureds were made whole. ( c) All defendants agreed on the goal stated above and on the methods of joint adjusting to accomplish said goal. (d) All defendants committed numerous unlawful acts of common adjusting of claims to secure subrogation before the insured was made whole, including Koneckys' claim, to accomplish said unlawful goal. (e) Koneckys were damaged by the defendants' joint and concerted acts and omissions. All defendants are jointly and severally liable to Konecky for all damages awarded by the Jury.

51.    Allstate and the Allstate Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA. Punitive damages should be jointly and severally assessed against Allstate and the Allstate Companies pursuant to Montana law.

### COUNT EIGHT
(Aiding and Abetting)

52.    Koneckys incorporate ¶¶1 to 51, above, into this Count. This "Count" is not included as a separate tort but rather as a basis to establish the joint and several

liability of the Allstate and the Allstate Companies for damages.

53.    The acts and omissions of the defendants constitute aiding and abetting each other in the commission of the wrongs set forth herein. All defendants are jointly and severally liable to Koneckys for all damages awarded by the Jury.

54.    The defendants' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA.   Punitive damages should be jointly and severally assessed against Allstate and the Allstate Companies pursuant to Montana law.

<u>COUNT NINE</u>
(Class Claims)

55.    Koneckys incorporate all of the foregoing Complaint in these class claims and states that the allegations are consecutive and included in each separate claim and count for relief asserted by the class.  Koneckys brings this action as a class action on behalf of individuals and entities defined as follows:

a.    Who were insured under any auto insurance policy (personal, commercial or any other form of policy) issued by Allstate or one of the Allstate Companies in Montana;

b.    Who, as a result of an auto accident, suffered losses covered by such policy;

c.    Who received payments under the coverages of such policy;

d.    With respect to whom Allstate and the Allstate Companies recovered subrogation from a third party for some or all of such payments;

e.    The subrogation was recovered by the insurer not more than eight (8) years preceding the filing of the Complaint in this action.

56.    For each member of the class, Allstate and the Allstate Companies recovered and withheld subrogation in derogation of their insureds' rights to be made whole by failing to conduct the prerequisite made-whole investigation and analysis. Allstate and the Allstate Companies have treated all class members according to the same pattern and program of subrogation. Allstate and the Allstate Companies' subrogation-related conduct described herein was jointly and programmatically designed and implemented to convert and take advantage of the insureds' third party claims and, deprive their insureds of their contractual rights to be made whole.

57.    For each member of the class Allstate and the Allstate Companies commonly adjust claims using commonly developed adjusting procedures; utilize commonly developed and identical policy procedures, including those which apply to wrongfully collecting subrogation or reimbursement for benefits paid to insureds; and have commonly developed a course or conduct in respect to the issues raised by this case. Additionally, Allstate and the Allstate Companies utilize a company transacting business under various names, and companies which utilize the same or substantially the same name, which is jointly funded by and acts as an agent for Allstate and the Allstate Companies. Additionally, the subrogation language of Allstate and the

Allstate Companies' insurance policies and contracts is identical or substantially identical for Allstate and the Allstate Companies. Additionally the adjusting procedures for Allstate and the Allstate Companies are virtually identical, were commonly developed and are jointly administered. Additionally, Allstate and the Allstate Companies administer the adjustment of Montana claims part of a common course of conduct and scheme.

58. Allstate and the Allstate Companies are jointly and severally liable to the class because each was involved in a common scheme, and each aided and abetted the other in the acts and omissions which make up the basis for this action and by aiding and abetting the unlawful conduct of each company.

59. Allstate and the Allstate Companies are jointly and severally liable to the class because the actions of all defendants are juridically linked such that resolution of the propriety of the conduct alleged with respect to one defendant and its insureds is necessarily a resolution with respect to all such defendants and their insureds. This Court should consider the class claims against Allstate and the Allstate Companies based on an adequate juridical link.

60. In addition, Allstate and the Allstate Companies are jointly and severally liable to the class under the theory of conspiracy, and the elements of Montana law,

as set forth in Count Seven of Koneckys' individual claims and under Count Eight of the Class claims.

61.     Allstate and the Allstate Companies are liable to the class because each was involved in a common scheme, and each aided and abetted the other in the acts and omissions which make up the basis for this action.   The actions Allstate and the Allstate Companies Company are juridically linked such that resolution of the propriety of the conduct alleged with respect to one defendant and its insureds is necessarily a resolution with respect to all defendants and their insureds. This Court should consider the class claims against Allstate and the Allstate Companies based on an adequate juridical link.   All defendants are jointly and severally liable to the class under the theory of conspiracy and the elements of the same set forth pursuant to Montana law.

62.     Plaintiffs Koneckys are members of the class they seeks to represent.

63.     The individuals in the class above defined number at least in the hundreds and are so numerous that individual joinder of class members as plaintiffs is impracticable.

64.     There are questions of law and fact common to each member of the class, including, but not limited to: (a) whether Allstate and the Allstate Companies' failure

to correctly apply subrogation was a violation of the common insurance policy provisions, and a violation of the Unfair Claim Settlement Practices Act; (b) whether Allstate and the Allstate Companies' failure to investigate and adjust based on their insureds' "made whole" rights constituted violations of the implied contractual covenant of good faith and fair dealing common to the insurance policies and/or a violation of the Unfair Claim Settlement Practices Act; ( c ) whether Allstate and the Allstate Companies' conduct was malicious warranting the assessment of punitive damages; (d) whether Allstate and the Allstate Companies retention of the improperly collected subrogation constituted conversion of the class members' property; (e) whether Allstate and the Allstate Companies committed constructive fraud against the class and the class members and, (f) whether Allstate and the Allstate Companies' contract provisions dealing with subrogation, if any, were reasonable and authorized by Montana law.

65.    The claims for breach of contract, breach of the implied contractual covenant of good faith and fair dealing, breach of the Unfair Claim Settlement Practices Act, Conversion, Constructive Fraud and Conspiracy stated by Koneckys are typical of the claims of the class members stated herein.

66.    Koneckys have retained experienced class action and insurance litigation counsel and will fairly and adequately protect the interests of the class.

67.    Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications of the duties and remedies with respect to breach of the insurance contract, the implied contractual covenant of good faith and fair dealing, and the unfair claim settlement practice duties alleged herein, such that class certification is appropriate under Rule 23(b)(1), M.R.Civ.P.

68.    Adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other class members so as to substantially impair or impede their ability to protect their interests without class certification, and would create the risk of incompatible standards of conduct for defendant, such that class certification is appropriate under Rule 23(b)(1), M.R.Civ.P.

69.    Allstate and the Allstate Companies have engaged in a pattern of asserting and recovering subrogation without respect to whether their insureds have been made whole in a manner which is essentially identical with respect to all class members, and have acted and refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and/or corresponding

declaratory relief with respect to the class as a whole, such that class certification is appropriate under Rule 23(b)(2), M.R.Civ.P., and, alternatively under Rule 23(b)(3), M.R.Civ.P.

70.     The issue of punitive damages should be certified under Rule 23(b)(3) action, with notice and opt-out provided for the class members, in that proper adjustment of all members of the class' made whole rights will quantify the injury caused by the Defendants' malicious conduct for the entire class and the question of "actual malice" is common to all class members and predominates.  In the alternative, the common question as to whether the insurers conduct constituted actual malice should be certified as a class action with respect to the common question pursuant to Rule 23 ( c ) (4) (A).

71.     In the alternative to certification of the punitive damage issue under Rule 23(b)(3) for a damage award, this Court should certify the question of whether Allstate and the Allstate Companies acted with "actual malice" as a class issue under Rule 23(b)(2), pursuant to Montana Supreme Court's decision in *Jacobsen v. Allstate Ins. Co.*, 2013 MT 244, 371 Mont. 393, 310 P.3d 452.

## FIRST CLASS CLAIM
(Breach of Insurance Contract)

72. All allegations of the above Complaint are incorporated by reference in this Count.

73. Common to each insurance contract is identical language or substantially identical language and/or mandatory policy provisions regarding Allstate and the Allstate Companies' rights of subrogation.

74. Allstate and the Allstate Companies failed and/or refused to ensure that their insured had been made whole before asserting and recovering subrogation, and recovered, and continued to withhold from its insureds and use for its own benefit, subrogation to which the defendants were not entitled.

75. Allstate and the Allstate Companies thereby breached and continue to breach the insurance contract and policy provisions common to each class member.

76. As a direct and proximate result thereof, Koneckys and each class member have losses under Allstate and the Allstate Companies' policies in the amount of the subrogation, together with interest thereon, taken before a valid and appropriate determination that the insured had been made whole, such that Koneckys and each class member is entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 24

77.    Koneckys have standing to assert these claims on behalf of the class pursuant to the doctrines of juridical link, aiding and abetting a breach of contract and civil conspiracy.

### SECOND CLASS CLAIM
(Breach of Implied Contractual Covenant of Good Faith and Fair Dealing)

78.    All allegations of the above Complaint are incorporated by reference in this Count.

79.    This is a claim for breach of the insurance contract's covenants implied in each of Allstate and the Allstate Companies' policies.  The contractual covenants are a common contractual covenant of good faith and fair dealing, which is a contract term imposed by the law of Montana.

80.    By failing to disclose the legal limitations on subrogation under their policies, by concealing from their insureds their recovery of subrogation directly from the third party or the third party's insurer, by failing to investigate and evaluate the insured's lack of net recovery of all damages necessary to make the insured whole, by converting their insureds' claims against third parties together with the proceeds thereof, and by programmatically designing and implementing their subrogation policies and procedures to deprive their insureds of their contractual rights to be made whole before Allstate and the Allstate Companies collected any subrogation, Allstate

and the Allstate Companies breached the implied covenant of good faith and fair dealing.

81.   As a direct and proximate result thereof, Koneckys and each class member have losses under Allstate and the Allstate Companies' policies in the amount of the subrogation,  together with interest thereon, taken before a valid and appropriate determination that the insured had been made whole, such that Koneckys and each class member is entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

## THIRD CLASS CLAIM
### (Unfair Claim Settlement Practices)

82.   All allegations of the above Complaint are incorporated by reference in this Count.

83.   By failing to disclose the legal limitations on subrogation under the Koneckys' and the class members' policies, by concealing from their insureds their recovery of subrogation directly from the third party's insurer, by failing to investigate and evaluate the insured's lack of net recovery of all damages necessary to make the insured whole, and/or programmatically designing and implementing their subrogation policies and procedures to deprive their insureds of their contractual rights to be made whole before Allstate and the Allstate Companies collected any subrogation, Allstate

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 26

and the Allstate Companies violated §33-18-201, MCA, and are liable to Koneckys and each class member as first party claimants under §33-18-242, MCA.

84.    As a direct and proximate result of such violations of §33-18-201, MCA, Koneckys and each class member have loss under Allstate and the Allstate Companies' policies in the amount of the subrogation together with interest thereon, taken before a valid and appropriate determination that the insured had been made whole, such that Koneckys and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

85.    Koneckys have standing to assert these claims on behalf of the class pursuant to the doctrines of juridical link, aiding and abetting and civil conspiracy.

### FOURTH CLASS CLAIM
(Constructive Fraud)

86.    All allegations of the above Complaint are incorporated by reference in this Count.

87.    Allstate and the Allstate Companies' acts and omissions constitute constructive fraud. Allstate and the Allstate Companies' acts and omissions were intended to defraud the public by defrauding their insureds.

88.    As a direct and proximate result thereof, Koneckys and each class member have damages under Allstate and the Allstate Companies' policies in the

amount of the subrogation, together with interest thereon, taken before a valid and appropriate determination that the insured had been made whole, such that Koneckys and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

89.    Koneckys have standing to assert these claims on behalf of the class pursuant to the doctrines of juridical link, aiding and abetting and civil conspiracy.

## FIFTH CLASS CLAIM
(Conversion)

90.    All allegations of the above Complaint are incorporated by reference in this Count.

91.    Allstate and the Allstate Companies' acts and omissions constitute unlawful conversion of Koneckys' and the class members' property.

92.    Koneckys and the class members have been damaged by such conversion in the amount of funds unlawfully taken by Allstate and the Allstate Companies and interest thereon at the rate of 10% per annum until repaid, and are entitled to declaratory, supplemental, equitable and injunctive relief regarding return of the converted funds.

## SIXTH CLASS CLAIM
### (Declaratory Injunctive, and Supplemental Relief)

93.    All allegations of the above Complaint are incorporated by reference in this Count.

94.    Koneckys and each member of the class are interested persons under the above-described written contracts of insurance, including the implied and mandatory provisions of such contracts, and Koneckys and each class member are affected by the interpretation and application of such contract and policy provisions, and are further interested parties under the statutory and common law duties above-described, such that Konecky and each class member have a right to a declaration of rights, status, legal relations and remedies under such contract and legal duties.    Additionally Koneckys and each member of the class are entitled to injunctive and supplemental relief including, but not limited to, (a) and injunction against further assertion of subrogation in contravention of Montana's "made-whole" rule; (b) injunctive relief preventing the insurers' continued retention of wrongful subrogation proceeds and wrongful earnings thereon. ( c ) an order of restitution of subrogation proceeds plus interest or earnings thereon; (d) an order requiring return of all subrogation gained by the Allstate and the Allstate Companies until such time as an appropriate made whole determination had been made, pursuant to Montana law, interest from the time the

subrogation was taken by Allstate and the Allstate Companies; and (e) an order from this Court enjoining the Allstate and the Allstate Companies to re-adjust each class member's made whole claims pursuant to Montana law. This Court should also order appropriate supplemental relief, including, but not limited to, (a) an Order compelling Allstate and the Allstate Companies to return all wrongful subrogation collected; (b) an Order granting interest at the rate of 10% per annum on all funds returned to Koneckys and the class members; ( c) attorney fees; and (d) such other supplemental relief as is necessary to make this Court's declaration effective and/or is proper in law or equity. This Court should also declare that (a) all subrogation amounts taken before the insureds' losses were accounted for and the insureds' made whole, together with interest or earnings thereon, are to remain the property of the insured; (b) Allstate and the Allstate Companies converted subrogation taken before a valid and appropriate made whole determination had been made pursuant to Montana law to their own use; ( c ) Allstate and the Allstate Companies subrogation practices constitute a violation of the insurance contracts' implied covenants and statutory adjustment duties.

95.     Koneckys have standing to assert these claims on behalf of the class pursuant to the doctrines of juridical link, aiding and abetting and civil conspiracy.

## SEVENTH CLASS CLAIM
(Punitive Damages)

96.    All allegations of the above Complaint are incorporated by reference in this Count.

97.    Allstate and the Allstate Companies' conduct were actually malicious, as defined by §27-1-221, MCA,  such that punitive damages should be assessed against Allstate and the Allstate Companies in an amount sufficient to punish, deter and make example Allstate and the Allstate Companies' wrongdoing and in an amount that is proportional to the amount of improper subrogation recoveries taken by Allstate and the Allstate Companies or, alternatively, that the issues of Allstate and the Allstate Companies "actual malice" are tried as a class issue pursuant to Rule 23 ( c )(4) (A) and the Montana Supreme Court's decision in *Jacobsen v. Allstate Ins. Co.*,  2013 MT 244, 371 Mont. 393, 310 P.3d 452.

98.    Koneckys have standing to assert these claims on behalf of the class pursuant to the doctrines of juridical link, aiding and abetting and civil conspiracy.

## EIGHTH CLASS CLAIM
(Civil Conspiracy)

99.    All allegations of the above Complaint are incorporated by reference in this Count. This "Count" is not included as a separate tort but rather as a vehicle to

establish the joint and several liability of Allstate and the Allstate Companies for the class claims.

100. The acts and omissions of the defendants constitute a civil conspiracy. (a) There are two or more defendants who have joined together to commit the wrong. (b) The defendants jointly sought to accomplish the unlawful goal of collecting subrogation from third parties before Koneckys and other Montana Insureds were made whole. ( c ) The defendants agreed on the goal stated above and on the methods of joint adjusting to accomplish said goal. (d) The defendants committed numerous unlawful acts of common adjusting of claims to secure subrogation before the insured was made whole, including Koneckys' claims, to accomplish said unlawful goal. (e) Koneckys and the Class were damaged by the defendants joint and concerted acts and omissions. All defendants are jointly and severally liable to Koneckys and the class for all damages awarded by the Jury.

101. The defendants' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA. Punitive damages should be jointly and severally assessed against the Allstate and the Allstate Companies pursuant to Montana law.

## NINTH CLASS CLAIM
(Aiding and Abetting)

102.    All allegations of the above Complaint are incorporated by reference in this Count.

103.    This "Count" is not included as a separate tort but rather as a vehicle to establish the joint and several liability of Allstate and the Allstate Companies for damages.

104.    The acts and omissions of Allstate and the Allstate Companies constitute aiding and abetting each other in the commission of the wrongs set forth herein. All defendants are jointly and severally liable to Koneckys and the Class for all damages awarded by the Jury.

105.    Allstate and the Allstate Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA.    Punitive damages should be jointly and severally assessed against the defendants pursuant to Montana law.

## TENTH CLASS CLAIM
(Attorney Fees)

106.    All allegations of the above Complaint are incorporated by reference in this Count.

107.    Allstate and the Allstate Companies are liable for Koneckys' and the

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 33

Class' attorney fees.

PRAYER

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

FOR PLAINTIFF KONECKYS' INDIVIDUAL CLAIMS.

1.    For all contract damages described herein.

2.    For all consequential damages.

3.    For all special damages determined by the jury.

4.    For all general damages determined by the jury.

5.    For all prejudgment interest due under Montana law as restitution and/or as damage.

6.    For assessment of punitive damages against Allstate and the Allstate Companies in such amounts as the jury determines proper in accordance with Montana law.

7.    For costs and disbursements in this action.

8.    For such attorney fees as may be due under Montana law.

<u>FOR THE CLASS CLAIMS</u>:

Plaintiffs further pray on behalf of the class as follows:

1.     For declaratory rulings that;

      A.     Each class member is entitled to be made whole, and the Defendants insurers must conduct an investigation to determine all of the insureds unrecovered losses, deductibles, costs of collection and, attorneys fees before Allstate and the Allstate Companies are entitled to subrogation under the common insurance policy language such that the subrogation recoveries together with interest earnings thereon, are and remain the property of the insureds;

      B.     An appropriate made whole investigation and determination must be based on objective quantification of each element of damage an insured suffered, including, but not limited too, any medical expenses (past and future), lost wages, bodily injury (including but not limited to permanent impairment, pain, suffering, present and future loss of earning capacity, necessary purchases, the value of services supplied or purchased, loss of established course of life, and emotional distress), cost of repair or replacement for the damaged vehicle, loss of use for time it would take to complete repairs or obtain replacement vehicle for totaled cars, residual diminution in value of repaired vehicles, the loss of personal property in the automobile and other

property loss damages sustained in the auto accident;

      C.     The insurers must investigate and objectively quantify all such losses and assure that the insured has been made whole for all such losses before it may assert a claim as subrogee of the insureds' claim;

      D.     The insurers have converted the proceeds of their insureds' claims by their wrongful subrogation.

      E.     Allstate and the Allstate Companies have breached the insurance contract by recovering subrogation before determining that the insured had been made whole as defined by Montana law.

      F.     Allstate and the Allstate Companies have violated the implied contractual covenants of good faith and fair dealing by their subrogation conduct.

      G.     Allstate and the Allstate Companies have violated the Unfair Claim Settlement Practices Act by their subrogation conduct.

      H.     Allstate and the Allstate Companies' wrongful subrogation practices constitute constructive fraud.

      2.     For orders enjoining Allstate and the Allstate Companies to (a) stop recovery subrogation without first completing the prerequisite made-whole analysis and assuring the insured have recovered all further losses (b) return all subrogation

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND
Page 36

collected before the proper made whole investigation and analysis has been completed, together with earnings thereon or interest at the rate of 10% per annum from the date the subrogation was first collected; ( c ) identify and locate each member of the class described herein; (d)   advise each class member of their rights to be made whole before subrogation attaches; and (e) required a proper subrogation claim that fully explicates the made whole calculation, including each of the elements of loss, to be presented to each class member.

3.     For a judgment assessing punitive damages on behalf of the class in an amount sufficient to punish, deter, and make an example of Allstate and the Allstate Companies' wrongful conduct, that is proportional to the amount of the converted subrogation or, alternatively, for a determination that Allstate and the Allstate Companies' conduct was "actually malicious" towards each class member.

4.     For a judgment for pre- and post-judgment interest, litigation expenses, and attorney fees.

5.     For such other, further and supplemental relief as the Court and/or jury deem appropriate for the benefit of the class, including all such further supplemental relief as may be appropriate.

6.    For such other and further legal and equitable relief as is proper in the premises.

Dated this 21st day of October, 2016.

LERNER LAW FIRM; VISCOMI & GERSH, PLLP; and McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.

By: _____
    Alan J. Lerner
    Co-Counsel for Plaintiff

## JURY DEMAND

Plaintiff and the class demand trial by jury on all legal issues.

Dated this 21st day of October, 2016.

LERNER LAW FIRM; VISCOMI & GERSH, PLLP; and McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.

By: _____
    Alan J. Lerner
    Co-Counsel for Plaintiff