## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| SETH KONECKY and JENNIFER KONECKY, husband and wife, FLATHEAD VALLEY DIST., INC., a Montana Corporation, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLSTATE FIRE & CAS. INS. CO., ALLSTATE INDEM. CO., ALLSTATE PROP. & CAS. INS. CO., and ALLSTATE INS. CO.,<br><br>    Defendants. | Case No. 17-CV-00010-DWM |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Agreement" or "Stipulation") is made by and between the Named Class Plaintiffs, Seth Konecky, Jennifer Konecky and Flathead Valley Dist., Inc., on behalf of themselves and on behalf of all others similarly situated ("Plaintiffs"), and Defendants Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, and Allstate Insurance Company (collectively, "Allstate," as defined below), by and through their respective counsel.

## RECITALS

WHEREAS, the Plaintiffs filed a purported Class Action Complaint, which is now pending in the United States District Court for the District of Montana (the "Court"), entitled *Konecky v. Allstate Fire & Cas. Ins. Co.*, *et al.*, Case No. 17cv00010-DWM (the "Action"), which, through this Settlement, will be accepted as a certified class action, but for settlement purposes only, on behalf of the Settlement Class; and

WHEREAS, Plaintiffs allege they were involved in an automobile accident while insured under an automobile policy issued by Allstate entity; and

WHEREAS, Plaintiffs allege their Allstate entity insurer subrogated from the at-fault drivers, Hailey and Nathan Tolson, and their insurer, AAA, before Plaintiffs were made whole for their property damages; and

WHEREAS, Plaintiffs allege their Allstate entity insurer had no legal right to subrogation, and failed to conduct a reasonable investigation to determine whether Plaintiffs were or would be made whole from payments received from the at-fault driver or their insurer; and

WHEREAS, the Action alleges, generally, that Allstate engaged in improper subrogation in Montana by subrogating before conducting a proper made whole analysis; and

WHEREAS, Allstate has defended and intends to vigorously contest each and every claim in the Action, denies all material allegations of the Action, as to

which Allstate asserts it has numerous merits and class defenses, and further maintains that it has consistently acted in accordance with governing laws at all times; and

WHEREAS, Plaintiffs, through counsel, while believing that the claims asserted in the Action have substantial merit, examined the benefits to be obtained under the terms of the Proposed Settlement, considered the risks associated with the continued prosecution and possible appeal of this complex and time-consuming litigation, and the likelihood of success on the merits of the Action, and believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this Agreement is fair, reasonable, adequate and in the best interests of the Potential Class Members; and

WHEREAS, Allstate, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless agreed to enter into this Stipulation to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims which were asserted or could have been asserted in, or relate in any way whatsoever to, the Action;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Action be settled and compromised as between the Plaintiff, the Settlement Class, and Allstate, upon

approval of the Court after hearing as provided for in this Stipulation, on the following terms and conditions:

## I.    DEFINITIONS

In addition to the foregoing, the following terms shall have the meanings set forth below:

1.    "Agreement" or "Stipulation" means this Stipulation of Settlement, including all exhibits thereto.

2.    "Allstate" means Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, and Allstate Insurance Company and any of their past, present or future subsidiaries, controlled, affiliated, related and/or parent corporations, business entities or divisions, and/or any other successors, assigns or legal representatives thereof.

3.    "Claim Form" means the document, which will be appended to the Class Notice, that Settlement Class Members must submit, as set forth in and subject to the provisions of this Agreement, to potentially obtain benefits from the Settlement beyond the basic relief provided for in that Settlement.  A copy of the Claim Form is attached hereto as Exhibit B.

4.    "Claim Period" means the period commencing on the Initial Notice Date and continuing until 45 days after the Final Settlement Hearing.

5.    "Class Administrator" means Class Counsel, if Class Counsel chooses to administer the Proposed Settlement, or Class Counsel's designee, who shall be approved by the Court before beginning its administrative functions.

6.    "Class Counsel" means Allan M. McGarvey, McGarvey, Heberling, Sullivan & Lacey, 345 First Avenue East, Kalispell, MT 59901; Judah M. Gersh and Brian M. Joos, Viscomi, Gersh, Simpson & Joos, PLLP, 121 Wisconsin Avenue, Whitefish, MT 59937; and Alan J. Lerner, Lerner Law Firm, P.O. Box 1158, Kalispell, MT 59903-1158.

7.    "Class Notice" means the notice of the preliminarily approved settlement, with a Claim Form attached, to be sent to all Settlement Class Members.  A copy of the Proposed Class Notice is attached hereto as Exhibit A.

8.    "Class Period" means the period commencing October 21, 2008 through September 28, 2018.

9.    "Court" means the United States District Court for the District of Montana.

10.    "Effective Date" means that date defined in Section XI of this Agreement.

11.    "Final Judgment" means the Court's Final Approval Order and Final Judgment, that finally approves the Settlement and dismisses the Action with prejudice with respect to the Class Claims, which shall be substantially in the form

attached as Exhibit C to this Agreement, without material alteration, as further provided in Section X below. This Agreement does not apply to Plaintiffs Seth and Jennifer Konecky's individual claims for underinsured motorist coverage, which shall remain pending in this Action and shall not be affected or otherwise compromised by the final dismissal of this Action.

12. "Final Settlement Hearing" means the settlement approval hearing to be conducted by the Court in connection with the determination of the fairness, adequacy, and reasonableness of this Agreement in accordance with Federal Rule of Civil Procedure 23(e).

13. "Initial Notice Date" means the date upon which the Notice of Proposed Class Action Settlement is first mailed to Class Members pursuant to this Agreement, as further described below.

14. "Named Plaintiffs" means Seth Konecky, Jennifer Konecky and Flathead Valley Dist., Inc.

15. "Opt-Out Period" means the time period during which Settlement Class Members are permitted to exclude themselves from the Settlement Class, as set forth in Section XII.

16. "Parties" means the Settlement Class Members, including the Named Plaintiffs, and Allstate.

17.    "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

18.    "Preliminary Approval Hearing" means the hearing at which preliminary approval of the Proposed Settlement in this matter is anticipated to be granted.

19.    "Preliminary Approval Order" means the order that preliminarily approves the Proposed Settlement, which shall be in the form attached as Exhibit D to this Agreement, without material alteration, as further provided in Section III below.

20.    "Proposed Settlement" means the terms agreed to by the Parties as set forth in this Stipulation, prior to final approval of the Proposed Settlement.

21.    "Release" means those Releases set forth in Section XIV, which all Settlement Class Members who do not choose to exclude themselves from this Settlement will be deemed to have executed upon final approval of this Settlement.

22.    "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, claims, causes of action, allegations, or suits of whatever kind or nature, whether in contract, tort or in equity, debts, liens, liabilities, agreements, interest, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential, treble, statutory and/or punitive or exemplary or other) arising from or related to allegations regarding any purported improper

subrogation activity whatsoever by Allstate with respect to automobile accident claims, including, but not limited to: negligence; contractual insurance coverage of any kind; statutory insurance bad faith; breach of contract; breach of the implied covenant of good faith; constructive fraud; conversion; civil conspiracy; aiding and abetting; unfair claim settlement practices, unfair trade practices; unfair insurance practices; conversion; premium overcharges; fraud; misrepresentation; deception; consumer fraud; interference with contract or business expectations; injunctive relief, declaratory judgment; unfair competition; unjust enrichment; deceptive practices; unfair business practices; breach of fiduciary duty; mental or emotional distress and/or common law bad faith, relating in any way whatsoever to Allstate's subrogation practices in Montana, and/or which were brought or could have been brought in the Action.

23. "Released Persons" means Allstate, as defined above, and any of its past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof.

24. "Settlement" means the terms and conditions of the Agreement reached by the Parties.

25. "Settlement Class" means the class defined in Section II below.

26.    "Settlement Class Members" means those Persons as defined in Section II below.

27.    "Settlement Class Payment" means the payments to Settlement Class Members described in Section VI below.

28.    "Settlement Fund" means the lump sum payment to be made by Allstate as set forth in Paragraph 44 below.   "Net Settlement Fund" shall mean the remainder of the "Settlement Fund" after payment of the costs of notice, costs of claim adjustment, costs of administering the settlement, Court-approved Class Counsel attorney fee and expenses, and the Court-approved Class Representative's award.

29.    "Unknown Claims" means any claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Agreement, as to any of the Released Claims, as specifically defined above, so that each Settlement Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by this Agreement to the full extent permitted by law, and to the full extent of claim preclusion and *res judicata* protections.

## II.    THE SETTLEMENT CLASS

30.    The "Settlement Class" means all Persons (and their heirs, executors, administrators, successors and assigns), as of the date of September 28, 2018, (a)

who were insured under an auto insurance policy issued by Allstate in Montana; (b)

with respect to whom Allstate recovered subrogation on a Montana automobile

insurance claim after October 21, 2008, *i.e.,* 8 years before the filing of the Action.

Excluded from the Class are: all present or former officers and/or directors of

Allstate, Class Counsel and their resident relatives, the Judge in this case and his

resident relatives, and Allstate's counsel of record and their resident relatives.

31.    Through an electronic search of its business records, Allstate will

provide for all Settlement Class Members during the Class Period: (a) the amount

of subrogation collected with respect to that individual, which will be the actual

amount shown in Allstate's electronic records, or, if that amount is not available, a

reasonably accurate calculation of subrogation collected based on actual data

together with an explanation for why Allstate believes it reasonably quantifies the

amount of subrogation; (b) the last known mailing address of the Settlement Class

Member from Allstate's records; (c) if available through electronic search of

Allstae's records, the last known email address, telephone number and social

security number of the Settlement Class Member; (d) the claim number with

respect to which subrogation was recovered; (e) the date of the automobile

accident and (f) the last subrogation date. In providing this information, Allstate

shall have no obligation to pull claim files or undertake claim adjustment. The

Parties agree that the list and data referred to above will remain confidential in

accordance with Section XIII, and is only to be used for purposes of effectuating this Settlement.

## III.    PRELIMINARY CLASS CERTIFICATION

32.    Upon execution of this Agreement, the Parties shall submit this Agreement to the Court and request the Court to enter a Preliminary Approval Order, preliminarily approving the Proposed Settlement, which shall be substantially in the form set forth in Exhibit D.

33.    For purposes of this Settlement only, the Parties stipulate and agree to the certification of the Settlement Class defined in this Agreement and that: (i) the proposed Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3); (ii) the proposed Class Notice is the best and most practicable under the circumstances, and satisfies the requirements of Fed. R. Civ. P. 23 and Due Process; and (iii) the terms of the Settlement are fair and reasonable.  For purposes of the Settlement, the Named Plaintiffs are agreed upon as suitable Class Representative.

34.    Preliminary certification of the Settlement Class and appointment of the Settlement Class Representative and Class Counsel by the Court shall be binding only with respect to the Settlement of the Action.  In the event this Agreement is terminated pursuant to its terms, or a Final Judgment approving the Settlement for any reason does not occur, the certification of the Settlement Class

shall be nullified, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to the Court's consideration, on the merits, of any properly submitted Motion for Class Certification. The Named Plaintiffs and Class Counsel agree that neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Agreement, shall be deemed an admission by the Named Plaintiffs, Class Counsel or Allstate of any matter related in any manner thereto, or by Allstate that certification of any class is appropriate in this Action or any other litigation, or otherwise shall preclude Allstate from opposing or asserting any argument it may have with respect to certification of a class in this Action or any other matter.

35. Upon the Preliminary Approval of this Proposed Settlement by the Court, as evidenced by entry of the Preliminary Approval Order, all proceedings in the Action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Proposed Settlement or to comply with or effectuate the terms of this Agreement. Additionally, any other litigation against Allstate of claims that fall within the scope of this Agreement shall be stayed or enjoined by the Court.

## IV.    CLASS NOTICE, COSTS OF CLASS NOTICE, AND ADMINISTRATION OF SETTLEMENT

36.    Notice of the pendency of the Action and of the Settlement shall be made by the Class Notice, which will be sent by Class Counsel or, if applicable, the Class Administrator.

37.    Within sixty (60) days of the entry of the Preliminary Approval Order, the Class Notice, substantially in the form attached hereto as Exhibit A, shall be sent by first class mail, postage prepaid, to the last known address of each Person Allstate has determined, as set forth above, to be a Settlement Class Member. This shall constitute the Initial Notice Date. A copy of the Claim Form, substantially in the form attached hereto as Exhibit B, will be included with the Class Notice. The Class Notice will be sent only to Settlement Class Members, not to any of their attorneys, whether known or unknown, in connection with their original claim to Allstate or otherwise.

38.    Class Counsel or Class Counsel's designated Class Administrator shall be responsible for the Class Notice and claims administration process, and all costs of administration of the Settlement, the Class Notice, claim investigation and adjustment shall be paid out of the lump sum settlement amount described herein. The costs of administration and adjustment shall be in addition to any attorney fees, litigation expenses and costs of suit that may be granted Class Counsel by the Court, under paragraph 50 of this Settlement Stipulation. Under no circumstances

shall Allstate be required under this Agreement to incur or pay any fees or expenses which it is not explicitly obligated to incur or pay hereunder.

39.    Allstate will have absolutely no responsibility for any act or failure to act by Class Counsel or, if applicable, the Class Administrator, in their role as sole administrator of the Settlement.

## V.    CLAIMS PROCEDURE

40.    Settlement Class Members will be deemed Settlement Class Members unless they timely submit a written request for exclusion from the Settlement Class, postmarked not later than 15 days before the Final Settlement Hearing, in the manner set forth below in Paragraph 59.

41.    Each Settlement Class Member shall automatically receive a pro rata share of the Net Settlement Fund.  The Class Member's share will be based on .30 of the amount Allstate subrogated as to that individual's claim, as described in Section VI below.  However, Settlement Class Members will have the option of submitting a claim if they believe they are entitled to more, and if such a claim is submitted, there will be a claim adjustment process (described below in Section VI) pursuant to which the individual share will be based on the final determination of that claim, which may be either more or less than .30 of the amount Allstate subrogated as to that individual's claim but in no event will such share be greater than the amount of Allstate's subrogation with respect to that individual.  In order

to potentially qualify for payment as a member of the Settlement Class under the latter method, a Settlement Class Member must submit a fully completed and signed Claim Form, postmarked not later than the end of the Claim Period as listed in the Class Notice. Class Counsel or their designated Class Administrator shall establish, as of the date of the initial mailing of the Class Notice, a dedicated P. O. Box to be used for submission of Claim Forms. The Claim Form shall require, at a minimum, the Settlement Class Member to provide all necessary information to support their claim, and an affirmation under penalty of perjury that the information set forth in the Claim Form is true and correct.

42.    Class Counsel or their designated Class Administrator will promptly notify a Settlement Class Member if they deem that Person's Claim Form materially incomplete or deficient, and specify any additional information that must be submitted. Notification shall be by first class mail unless the Settlement Class Member specifies another mode of notification. Such Settlement Class Members shall have 14 days from the date the notification is mailed, or until the expiration of the Claim Period, whichever is longer, to submit the requested information.

43.    Settlement Class Payments shall be made no later than 120 days after the Effective Date or 120 days after submission of all Claim Forms, if any Claim Forms are submitted.

## VI.    CALCULATION OF PAYMENT

44.    Allstate shall pay, within forty (40) days of the Final Judgment or within thirty (30) days of the Effective Date, if any objection as to the Final Judgment is lodged, a total lump sum payment of $2,673,500, the distribution of which is to be solely determined and administered by Class Counsel and/or their designated Class Administrator.  The $2,673,500 lump sum payment is based on Allstate's estimate of the total amount of subrogation it has recovered from October 21, 2008 through September 28, 2018 (*i.e.,* the Class Period, so that the Class includes only those insureds for whom subrogation recoveries were included in the final figure).

45.    The Settlement Class Payments set forth in this Section shall be the only payments to which any Settlement Class Member will be entitled.  Any unclaimed amounts of the Net Settlement Fund remaining after a period of 6 months following the completion of the procedures for distribution, resulting from returned checks, uncashed checks, or otherwise, will be disbursed to the non-profit named "Montana Justice Foundation."

46.    Payment to Settlement Class Members shall be the Settlement Class Members' participation in the Net Settlement Fund (net of Class Counsel's and Class Representative fees, and costs of claim administration, claim adjustment, and the Class Notice) as follows:  Settlement Class Members shall participate on a pro

rata basis in the class net recovery in proportion to either (a) .30 of the amount Allstate subrogated as to that individual's claim; or, if the class member elects to present and support a claim, (b) the final, and binding determination, by an independent insurance adjuster professional (appointed by Class Counsel and/or the Class Administrator), of the amount necessary to make the class member whole for uncompensated losses sustained in the automobile accident, which determined amount may be either more or less than .30 of the amount Allstate subrogated as to that individual's claim, and in no event may exceed the amount of such subrogation.

47.    Allstate shall have no responsibility whatsoever for how the Settlement Fund is distributed, and the Release shall be effective upon Allstate's payment of the Settlement Fund, not upon the ultimate distribution of the Settlement Fund to Settlement Class Members.  The Claim Form sets forth six categories of damages for which class members may be eligible to recover under the terms of the Agreement.  Recovery under these categories is for settlement purposes only, and nothing in the Agreement or the Claim Form imposes any obligation on Allstate to compensate past or future claimants for these categories of damage outside of the Agreement, or is otherwise an admission by Allstate that these categories are either compensable under Allstate insurance policies or properly part of any made whole analysis.

## VII.    COMMUNICATIONS WITH THE CLASS

48.    The Class Notice shall list Class Counsel's address and telephone number.  Communications relating to the Action or this Settlement with Persons receiving Class Notices and Settlement Class Members shall be handled through Class Counsel, and/or the Class Administrator, as necessary.  Nothing in this Agreement shall be construed to prevent Allstate, its employees, attorneys, agents or representatives from communicating with Settlement Class Members in the normal course of its business operations, from submitting notices or other documents relating to this Agreement directly to Settlement Class Members and/or from continuing to adjust and resolve pending or future claims, even if they otherwise fall within the scope of this Agreement, before this Agreement is finally approved.

49.    Neither Allstate nor Class Counsel shall be responsible in any way for any attorneys' lien submitted by any prior counsel for any of the Settlement Class Members, nor shall any attorneys' lien be created by any of the efforts by the Parties to effectuate any of the terms of this Agreement, and this provision shall be incorporated into the Final Judgment.

## VIII.    CLASS COUNSEL'S FEES AND COSTS AND CLASS REPRESENTATIVE FEES

50.    No compensation for Class Counsel has been negotiated as part of this Settlement.  The Parties recognize that Class Counsel are entitled to seek an award

of attorneys' fees and expenses under the common fund doctrine for the work performed and the results obtained for the Class in the Action. Class Counsel intend to seek Court approval for a fee award not to exceed 25% of the Settlement Fund plus costs and litigation expenses. The Settlement Fund, totaling $2,673,500, includes the following allocations: $2,005,125 for subrogation recovered by Allstate and $688,375 for the Class claim for attorney's fees. It is intended that the allocation to attorney's fees is a recovery by the Class on the Class claim for such litigation expenses, and not a recovery by Class Counsel. Allstate shall not oppose, either directly or indirectly, an attorney's fee request that does not exceed 25% of the total Settlement Fund. Under no circumstances will Allstate be obligated to pay any costs or sums in excess of $2,673,500. Any award by the Court or any appellate court of attorneys' fees and costs in excess of the 25% maximum (plus costs) award agreed upon by the Parties pursuant to this Paragraph will be assessed out of the Settlement Fund, and Allstate shall be considered fully discharged based upon payment by Allstate of the above agreed Settlement Fund. Class Counsel further agree that, to the extent a lesser amount of fees is awarded by the Court or any appellate court, it will not provide a basis for Class Counsel to terminate this Agreement. Class Counsel further agree that unless an award of a lesser amount of attorneys' fees is overturned on appeal, Class Counsel will accept

the lesser amount of fees.  In no event will Class Counsel seek to recover any

further amounts from Allstate beyond the Settlement Fund.

51.      Additionally, the Parties agree that Class Counsel will request a Class

Representative award to the Named Plaintiffs Seth and Jennifer Konecky in the

amount of $5,000, each, in recognition of the risk and effort undertaken in

prosecuting this case, to be paid by Class Counsel out of the Settlement Fund

within 30 days of the Effective Date, as defined in Section XI below.  The costs of

administration of the Settlement, as well as the other costs and expenses associated

with the Settlement, shall also be paid by Class Counsel out of the Settlement

Fund.

## IX.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF AGREEMENT

52.      The Named Plaintiffs, Settlement Class Members and Allstate consent

to the entry of a Final Judgment substantially in the form attached as Exhibit C,

without material alteration.

53.      If the Court disapproves this Agreement or fails to rule, or if the Court

enters the Final Judgment but it is reversed or vacated on appeal, this Agreement

shall be null and void and of no force and effect.  If the Court materially modifies

any provision of the Agreement or proposed Final Judgment, or if either is

materially modified on appeal or remanded to the Court for modification, or if any

of the terms of this Agreement is impaired in any material way, then Allstate shall have the option of terminating this Agreement and withdrawing its consent to the entry of the Final Judgment, in which case this Agreement shall be null and void and of no force and effect. Allstate shall have the right to determine, in its discretion, materiality in connection with the above provisions, except that such determination shall be made in good faith and in compliance with prevailing law regarding the standards for determining materiality. Allstate shall have 15 days from the event triggering its option to inform Class Counsel that it is exercising its option of terminating this Agreement.

54.    If the Court does not finally approve the Settlement as described herein, all obligations of Allstate under this Agreement terminate, including but not limited to any obligation to pay attorneys' fees. Additionally, the Parties agree that neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Agreement, shall be deemed an admission by Allstate that certification as a class is appropriate in any other litigation, or otherwise shall preclude Allstate from opposing or asserting any argument it may have with respect to certification of a class in this Action if the Settlement is not consummated.

55.    In the event the number of Settlement Class Members who elect to opt out exceeds 10%, Allstate, in its sole discretion, may elect to terminate this Agreement on the ground that the exclusion of Class Members at that level threatens to frustrate Allstate's essential purpose in entering into this Agreement. Allstate's election to terminate under this Paragraph shall be made not later than 15 days after the end of the Opt-Out Period by notifying Class Counsel in writing of its election.

## X.    FINAL APPROVAL OF SETTLEMENT

56.    Class Counsel will file a motion seeking the Court's Final Judgment as to the Proposed Settlement at a final approval hearing to be held at a time, date, and location that will be stated in the Preliminary Approval Order, and listed in the Class Notice.  The Parties will request that the final approval hearing be held at the earliest date that is at least 60 days after the Preliminary Approval Order that the Court is available to hear the matter.  Class Counsel shall request the Court to enter a Final Judgment substantially in the form of the Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice attached hereto as Exhibit C, approving the Proposed Settlement without material alteration, and directing the Parties and their counsel to comply with and consummate the terms of this Agreement, as well as:

a)  Certifying the Settlement Class for settlement purposes;

b) Finding that Class Counsel and the Named Plaintiffs have adequately represented the Settlement Class;

c) Finding that the Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class for the purpose of this Settlement only and that the Court has subject matter jurisdiction to approve the Agreement and all exhibits thereto;

d) Finding that the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and in compliance with due process and federal law;

e) Providing that each member of the Settlement Class who has not excluded him, her, or itself therefrom in accordance with the Court's prior orders shall be bound by the provisions of the Settlement, including the applicable Releases;

f) Finding that the Class Notice implemented pursuant to this Settlement and approved by the Court was reasonable and the best practicable notice and satisfies the requirements of the Federal Rules of Civil Procedure, as well as all the requirements of due process under the Montana and United States Constitutions;

g) Dismissing all claims in the Action, and as otherwise set forth in this Agreement, on the merits and with prejudice, and entering final

judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

h) Approving the payment of the attorneys' fees and costs to Class Counsel in conformity with the provisions of the Settlement; and

i) Permanently barring and enjoining the Named Plaintiffs and each and every Class Member, and their respective heirs, executors, administrators, partners, and agents, and the successors and assigns of each and any of them, from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person;

## XI.    EFFECTIVE DATE

57.    The "Effective Date" of this Agreement shall be the first date after which all the following events and conditions have been met or occurred:

a.    All Parties have executed this Agreement; and

b.    The Court has, by entry of the Preliminary Approval Order, preliminarily approved this Agreement, the Proposed Settlement set forth herein and the Class Notice to the Settlement Class; and

c.    The Court has entered the Final Judgment, finally approving this Agreement, without material alteration from the form attached hereto as

Exhibit C, and releasing the Released Persons from the Released Claims and dismissing with prejudice, and without leave to amend, the Action and all claims asserted therein, except reserving claims as to those Settlement Class Members who timely request exclusion, and the appeal time as to that Final Judgment has run. Allstate shall have the sole discretion, acting reasonably and in good faith, to determine what constitutes a material alteration for purposes of this provision; and

        d.     In the event there is an objection to entry of the Final Judgment, or intervention to contest same, the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment; or (ii) the entry of a final dismissal order of any and all appeals from the Final Judgment; or (iii) affirmance on appeal of the Final Judgment without material alteration; or (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment, the time to petition for reconsideration with respect to such ruling or decision has expired; or (v) if a petition for reconsideration with respect to an appellate decision as to the Final Judgment is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment without material alteration; or (vi) if a writ of certiorari is filed as to the Final Judgment, that writ is finally disposed of without material alteration of the Settlement. Allstate shall have the sole discretion, which must be exercised in good faith, to determine what constitutes a material alteration for the purposes of this provision.

58.     In the event that any of the events or conditions described above are not met or do not occur, this entire Agreement shall become null and void, except Allstate shall have the option to agree in writing to waive the event or condition and proceed with this Settlement, in which case the Effective Date shall be deemed to have occurred on the date of said written agreement, or a date otherwise specified in said written agreement.

## XII.    OBJECTIONS AND REQUESTS FOR EXCLUSION

59.     Settlement Class Members who wish to exclude themselves from the Settlement Class must prepare a written request for exclusion, postmarked not later than 15 days before the Final Settlement Hearing, which shall be sent to Class Counsel or the Class Administrator at the address provided in the Class Notice. Written requests for exclusion must be signed and include the Settlement Class Member's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class.  No Settlement Class Member may effect an exclusion of a class of individuals or represent such a class.

60.     Class Counsel or the Class Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Allstate's counsel.

61.     Settlement Class Members who do not file a timely request for exclusion may file a notice of intent to object to the Proposed Settlement, or

intervene in the Action for the purpose of contesting the Proposed Settlement. The written notice of intent to object and/or intervene must be: (a) filed with the Clerk of the Court not later than 15 days before the date set for the Final Settlement Hearing as listed in the Class Notice; and (b) sent by first-class mail, postmarked not later than 15 days before the date set for the Final Settlement Hearing, to Class Counsel:

> Allan M. McGarvey
> MCGARVEY, HEBERLING, SULLIVAN & LACEY
> 345 First Avenue East
> Kalispell, MT 59901
>
> Judah M. Gersh
> Brian M. Joos
> VISCOMI, GERSH,
> SIMPSON & JOOS, PLLP
> 121 Wisconsin Avenue
> Whitefish, MT 59937
>
> Alan J. Lerner
> LERNER LAW FIRM
> P.O. Box 1158
> Kalispell, MT 59903-1158

And to Allstate's Counsel:

Peter F. Habein
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, Montana  59103-2529

Mark L. Hanover
DENTONS US LLP
233 S. Wacker Dr.
Suite 5900
Chicago, IL 60606

62.     Any Settlement Class Member who does not so request to object or

intervene waives the right to do so in the future, and shall be forever barred from

intervening or making any objection to the Proposed Settlement or Final Judgment.

Any Notice of Intent to Object or Intervene must contain the following:  (a) a

heading which refers to the Action; (b)  the name, address, telephone number and

signature of the Settlement Class Member filing the objection; (c) a statement

whether the objector intends to appear at the Final Settlement Hearing, either in

person or through counsel, and, if through counsel, identifying counsel by name,

address and phone number; (d) a detailed statement of the specific legal and factual

bases for each and every objection, and if through counsel, a legal memorandum in

support of the objection; (e) a list of any witnesses, along with the expected

testimony of each such witness, and photocopies of exhibits which the objector

intends to introduce at the Final Settlement Hearing; (f) a detailed description of

any and all evidence the objector may offer at the Settlement Approval Hearing, if

the objector intends to speak at the hearing; and (g) documentary proof of membership in the Settlement Class.  If the Settlement Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents.  The Notice of Intent to Object, to be effective, also must be submitted by the objector or a legally authorized representative on an individual basis and not as part of a group, class or subclass.

## XIII.    CONFIDENTIALITY OF PROPRIETARY INFORMATION

63.    Allstate asserts that the following constitutes highly confidential and proprietary business information of Allstate (the "Proprietary Information"): (a) the names, addresses, policy numbers, and other data concerning Settlement Class Members compiled by Allstate in effectuating the Proposed Settlement; and (b) the electronic data processing and other record keeping procedures and materials to be utilized by Allstate in identifying the Settlement Class Members and effectuating Allstate's other obligations under this Agreement and/or the Settlement.  The confidentiality of all Proprietary Information provided to Class Counsel by Allstate shall be protected from disclosure by Class Counsel and/or other attorneys for the Named Plaintiffs in this Action, or any Settlement Class Member or their counsel, to any persons other than those described in Paragraph 64 below.

64.    No persons other than Allstate, Allstate's counsel, and clerical/administrative personnel employed by Allstate or Allstate's counsel, Class

Counsel and clerical/administrative personnel employed by Class Counsel, the

Class Administrator, if applicable, and such other persons as the Court may order,

after hearing on notice to all counsel of record, shall be allowed access to any

Proprietary Information.

65.    Within 90 days after the Effective Date, Class Counsel and/or other

attorneys for the Named Plaintiffs in this Action, or any Settlement Class Member

or their counsel, shall destroy all Proprietary Information provided by Allstate to

Class Counsel or anyone they employed or retained in this Action, either in

discovery or in connection with this Agreement.  Class Counsel shall deliver a

letter to Allstate's counsel certifying their compliance with this Paragraph.

Further, the parties agree that neither Class Counsel, nor anyone employed with,

retained by, or otherwise associated with Class Counsel, nor any other attorney or

Person who shall have access to this information, shall use any of this Proprietary

Information in any other litigation or proceeding, current or future, or for any other

purpose whatsoever.

66.    Class Counsel and the Named Plaintiffs, and any Settlement Class

Member or their counsel, shall not make any statements to the media, orally or in

writing, about the Action, or this Agreement, other than statements which are fully

consistent with this Agreement and the Class Notice, except in a *bona fide* court

proceeding relating to the subject matter of the Action.

## XIV.    DISMISSAL OF ACTION AND RELEASES

67.    Upon the Court's Final Approval of this Agreement and the Settlement set forth herein, the Final Judgment shall be entered providing for the dismissal, with prejudice and without leave to amend, of the Action, and the effectiveness of the Release by the Settlement Class Members, including the Named Plaintiffs, and including their past, present or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, of all Released Claims against the Released Persons.

68.    Upon the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member, including the Named Plaintiffs, and including their past, present or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, shall be held to have fully released, waived, relinquished and discharged, to the fullest extent possible by law, the Released Persons from all the Released Claims.

69.    Upon the Effective Date, the Settlement Class Members, including the Named Plaintiffs, and including their past, present or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, expressly agree that they, acting individually or together, shall not and shall not seek to institute, maintain, prosecute, sue, assert or cooperate in any

action or proceedings against any of the Released Persons with respect to any of the Released Claims.

70.    Notwithstanding the Court's entry of the Final Judgment, the Court shall retain ongoing jurisdiction over this Action for purposes of enforcing and interpreting this Agreement, including entering such orders and injunctions to prevent any collateral litigation that may be filed by Settlement Class Members, if necessary, and/or enforcing the litigation bar as to the Released Claims provided for by this Settlement.

## XV.    DENIAL OF LIABILITY

71.    Were it not for this Settlement, Allstate would have vigorously contested each and every claim in the Action.  Allstate maintains that it has consistently acted in accordance with governing laws at all times.  Allstate vigorously denies all the material allegations set forth in the Action.  Allstate nonetheless has concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in this Agreement.  Allstate reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, the expense that would be necessary to defend the Action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Allstate to conduct its business unhampered by the distractions of continued

litigation, and the settlement of this matter by Allstate, including, but not limited to, the terms and provisions of this Agreement, and any steps taken in accordance therewith, shall not be used in any way as precedent in any pending or future actions, including any actions against any of the Released Persons.

72.    As a result of the foregoing, the Released Persons enter into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons.

73.    To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by the Released Persons, except in any proceedings brought to enforce the Agreement or otherwise with the written consent of Allstate at its sole discretion.

74.    Neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating,

implementing or seeking approval of this Agreement, shall be deemed an admission by Allstate that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Allstate from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding.

## XVI.    DECEASED CLASS MEMBERS

75.    Claims may be submitted by any attorney or interested person on behalf of a deceased Settlement Class Member's estate.  The Court shall approve the party submitting such a claim as the proper party to receive distribution of the Settlement Class Member's portion of the Settlement Fund.  In addition, when necessary, estates deemed entitled to benefits under this Agreement shall be reopened before such benefits will be paid.

## XVII.    CLAIMS INVOLVING MINORS

76.    If any minor is a Settlement Class Member, court approval of the final distribution to that Settlement Class Member, pursuant to the applicable rules, may be required.  In addition, Class Counsel reserves the right to require appointment of a conservator to sign for the funds to be distributed to minor Settlement Class Members.

## XVIII.    INCAPACITATED CLASS MEMBERS

77.    Claims may be submitted by any attorney or interested person on behalf of an incapacitated Settlement Class Member.  The Court shall approve the

party submitting such a claim as the proper party to receive distribution of the Settlement Class Member's portion of the Settlement Fund.

## XIX.   TAX OBLIGATIONS

78.    Tax obligations which may arise by virtue of the Settlement Class Payments made pursuant to this Agreement, if any, are solely the responsibility of the Persons who receive such Settlement Class Payments, and are not in any way the responsibility of Allstate or Class Counsel.  The Parties to this Agreement do not in any way express any belief or opinion regarding the existence of such tax obligations and do not undertake to provide any advice to any Settlement Class Member regarding any tax obligations which may arise by virtue of any Settlement Class Payments made pursuant to this Agreement.

## XX.   MISCELLANEOUS PROVISIONS

79.    This Agreement shall not be construed to affect or limit the rights of Settlement Class Members against third parties unrelated to Allstate.  In particular, nothing in this Agreement shall be construed to affect in any way, or require the forfeiture or compromise of, any personal injury claims against third parties. Nothing in this Agreement shall be construed to affect in any way the other existing policy rights of Settlement Class Members, the Named Plaintiffs or Allstate concerning any other aspect of their insurance agreements.

80.     The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Agreement and the terms of the Proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise.  The Parties hereto and their undersigned counsel further agree to defend this Agreement against objections made to final approval of the Proposed Settlement or in any appeal of the Final Judgment or collateral attack on the Settlement or Final Judgment.

81.     Neither the Parties nor their counsel shall make any disparaging or defamatory statement concerning any of the Parties with regard to this case, the underlying facts or the terms of this Agreement.  Class Counsel, Allstate, and Allstate's counsel may provide factual information about this Agreement, the Class Notice and Claim Form, and other Settlement documents that have been approved by the Court.  The Parties or their counsel may also make any public statements about the Settlement or its effect that are required by statute, regulation, or court mandate.  This Paragraph is not to be construed as a waiver by any of the Parties of any claim for defamation, libel, slander, or other cause of action arising independently of this Agreement.  The Parties further agree that information regarding Settlement Class Member names and addresses shall remain confidential

and may not be disclosed to any other Person, except as necessary to administer the terms of this Agreement.

82.     The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

83.     Except as otherwise provided by written agreement as provided in Paragraph 84, this Agreement and its exhibits contains the entire agreement between the Parties hereto, and supersede any prior agreements or understandings between them.  All terms of this Agreement are contractual and not mere recitals. The terms of this Agreement are and shall be binding upon each of the Parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Settlement Class Member.

84.     This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties hereto.  Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

85.     The exhibits to this Agreement are an integral part of the Settlement and are hereby incorporated into and made a part of this Agreement.

86.     None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

87.     To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

88.     Allstate, the Named Plaintiffs, and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement, this Agreement or the applicability of the Settlement and its exhibits, but for no other purpose.

89.     All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of Montana.

90.     This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned counsel.

91.     This Agreement may be executed in counterparts, each of which shall constitute an original.

DATED this _____ day of __, 2019

For Plaintiff:

By: _____

  Seth Konecky
  Plaintiff

SUBSCRIBED AND SWORN TO

before me this 28 day

of January , 2019

_Glo Caudillo_
Notary Public

> GLO CAUDILLO
> NOTARY PUBLIC for the
> State of Montana
> Residing at Whitefish, Montana
> My Commission Expires
> February 24, 2021

**SIGNATURES CONTINUED
ON FOLLOWING PAGE**

By: _____

  Jennifer Konecky
  Plaintiff

SUBSCRIBED AND SWORN TO
before me this 17 day
of January , 2019
_Glo Caudillo_
Notary Public

> GLO CAUDILLO
> NOTARY PUBLIC for the
> State of Montana
> Residing at Whitefish, Montana
> My Commission Expires
> February 24, 2021

By: _____     Seth Konecky, as President

  Flathead Valley Dist., Inc.
  Plaintiff

SUBSCRIBED AND SWORN TO
before me this 28 day
of January , 2019

Glo Caudillo

Notary Public



GLO CAUDILLO
NOTARY PUBLIC for the
State of Montana
Residing at Whitefish, Montana
My Commission Expires
February 24, 2021

**SIGNATURES CONTINUED
ON FOLLOWING PAGE**

For Defendants:

By: _____

For Allstate

SUBSCRIBED AND SWORN TO
before me this _____ day
of _____, 2019

_____
Notary Public

**SIGNATURES CONTINUED
ON FOLLOWING PAGE**

**APPROVED AS TO FORM AND SUBSTANCE:**

MCGARVEY, HEBERLING, SULLIVAN & LACEY

By: _____
     Allan McGarvey


VISCOMI,  GERSH, SIMPSON & JOOS, PLLP

By: _____
     Judah M. Gersh
     Brian M. Joos


LERNER LAW FIRM

By: _____
     Alan J. Lerner

*Attorneys for Named Plaintiffs
and the Settlement Class*

CROWLEY FLECK

By: _____
     Peter F. Habein


DENTONS US LLP

By: _____
     Mark L. Hanover

*Attorneys for Defendants*

SUBSCRIBED AND SWORN TO
before me this _____ day
of _____, 2019

_____
Notary Public

**SIGNATURES CONTINUED
ON FOLLOWING PAGE**

For Defendants:

By: _____

Mark Gluodenis, Process Design and Field Support Manager, Subrogation - Inside Auto
Line Management Team

For Allstate

SUBSCRIBED AND SWORN TO
before me this 24 day
of January, 2019

_____

OFFICIAL SEAL
REMA SANGAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/07/21

Notary Public

**SIGNATURES CONTINUED
ON FOLLOWING PAGE**

**APPROVED AS TO FORM AND SUBSTANCE:**

MCGARVEY, HEBERLING, SULLIVAN & LACEY

By: _____
       Allan McGarvey

VISCOMI, GERSH, SIMPSON & JOOS, PLLP

By: _____
       Judah M. Gersh
       Brian M. Joos

LERNER LAW FIRM

By: _____
       Alan J. Lerner

*Attorneys for Named Plaintiffs*

*and the Settlement Class*

CROWLEY FLECK

By: _____
Peter F. Habein

DENTONS US LLP

By: _____
Mark L. Hanover

*Attorneys for Defendants*