

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SETH KONECKY and JENNIFER KONECKY, husband and wife, FLATHEAD VALLEY DIST., INC., a Montana Corporation, individually, and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>vs. <br><br>ALLSTATE FIRE & CAS. INS. CO., ALLSTATE INDEM. CO., ALLSTATE PROP. & CAS. INS. CO., ALLSTATE INS. CO., and ENCOMPASS INDEM. CO., <br><br>Defendants. | CV 17–10–M–DWM <br><br><br>ORDER |

The Court preliminarily approved the class settlement in this case on September 28, 2018. Since that time, the parties have completed the notice process and now seek final approval of the Stipulation for Settlement. Through a motion for final approval of class settlement (Doc. 66) and a motion for assessment of fees and costs (Doc. 71), they seek, among other things, that the Court (1) grant final certification of the settlement class; (2) approve the Stipulation of Settlement as fair, reasonable, and adequate; (3) rule that the notice process was reasonable and the best practicable under the circumstances; and (4) assess against the class

1

recovery attorneys' fees, costs, and a class representative incentive fee. A hearing was held on the motions on February 13, 2019. For the reasons stated below, the motions are granted.

On the 13th day of February, 2019, the matter of the Court's final approval of the Stipulation of Settlement submitted on May 29, 2018, by the Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came before the Court for consideration. Appearing on behalf of Plaintiffs and the Settlement Class were Allan M. McGarvey, McGarvey, Heberling, Sullivan & Lacey, P.C., 345 First Avenue East, Kalispell, MT 59901; Judah M. Gersh and Brian M. Joos, Viscomi, Gersh, Simpson & Joos, PLLP, 121 Wisconsin Avenue, Whitefish, MT 59937; and Alan J. Lerner, Lerner Law Firm, P.O. Box 1158, Kalispell, MT 59903-1158 ("Class Counsel"). Appearing on behalf of Defendants were Peter F. Habein, Crowley Fleck PLLP, 500 Transwestern Plaza II, 490 North 31st Street, P. O. Box 2529, Billings, Montana 59103-2529; and Mark L. Hanover, Dentons, 233 S. Wacker Drive, Suite 5900, Chicago, IL 60606.

The Named Plaintiffs Seth Konecky, Jennifer Konecky and Flathead Valley Dist., Inc., and Defendants Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, and Allstate Insurance Company (collectively, "Allstate," as defined in the Stipulation

of Settlement), have executed and filed a Stipulation of Settlement with the Court on February 1, 2019; and

All capitalized terms used in this Order shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

The Court, on September 28, 2018, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

Seth and Jennifer Konecky, and Flathead Valley Dist., Inc. were approved in the Preliminary Approval Order as the Class Representatives; and

As part of its Preliminary Approval Order, the Court directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on February 13, 2019, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

Allstate and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

A final approval hearing was held on February 13, 2019, at which all interested persons were given an opportunity to be heard, and all objections to the Settlement, if any, were duly considered;

3

The Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1. The Complaint filed in this Action alleges generally that Allstate engaged in improper subrogation in Montana by subrogating before conducting a proper made whole analysis.

2. As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:

> All Persons (and their heirs, executors, administrators, successors and assigns), as of September 28, 2018, (a) who were insured under an auto insurance policy issued by Allstate in Montana; (b) with respect to whom Allstate recovered subrogation on a Montana automobile insurance claim after October 21, 2008, *i.e.*, 8 years before the filing of the Action.
>
> Excluded from the Class are: all present or former officers and/or directors of Allstate, Class Counsel and their resident relatives, the Judge in this case and his resident relatives, and Allstate's counsel of record and their resident relatives. Also excluded are persons who properly executed and filed a timely request for exclusion from the Class.

3. The Court affirms this definition of the Settlement Class for purposes of this Final Judgment.

4. The Court certifies the Settlement Class in this Action, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3), and, in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action have

4

been met - in particular because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Class; and (4) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

5. The Named Plaintiffs and Allstate have entered into the Agreement which has been filed with the Court. The Agreement provides for the Settlement of this Action with Allstate on behalf of the Named Plaintiffs and the Settlement Class Members, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Settlement, and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

6. In accordance with the terms of the Settlement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Allstate's counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

7. The Court finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

8. The Named Plaintiffs and Allstate have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was held before this Court, on February 13, 2019, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

9. The Court finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

10. The Court finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

11. The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiffs, the Settlement Class Members, Allstate, and the Released Persons.

12. Four Settlement Class Members have filed requests for exclusion. All remaining Settlement Class Members are therefore bound by this Final Judgment

and by the Agreement and the Settlement embodied therein, including the Releases.

13. All provisions and terms of the Settlement are found to be fair, reasonable and adequate as to the Settlement Class Members and the Named Plaintiffs, and all provisions and terms of the Settlement are finally approved in all respects.

14. The Parties are directed to consummate the Settlement in accordance with its terms.

15. The Claim Form sets forth six categories of damages for which class members may be eligible to recover under the terms of the Agreement. The Court orders that recovery under these categories is for settlement purposes only, and nothing in the Agreement or the Claim Form imposes any obligation on Allstate to compensate past or future claimants for these categories of damage outside of the Agreement, or is otherwise an admission by Allstate that these categories are either compensable under Allstate insurance policies or properly part of any made whole analysis.

16. The Court directs that any unclaimed amounts of the Net Settlement Fund remaining after a period of 6 months following the completion of the procedures for distribution, resulting from returned checks, uncashed checks, or

otherwise, will be disbursed to the non-profit named "Montana Justice Foundation."

17. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person. This dismissal shall not affect Class Representatives Seth and Jennifer Koneckys' individual claims for underinsured motorist coverage only, which have already been settled and which have been or will be dismissed.

18. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

19. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, claims, causes of action, allegations, or suits of whatever kind or nature, whether in contract, tort or in equity, debts, liens,

liabilities, agreements, interest, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential, treble, statutory and/or punitive or exemplary or other) arising from or related to allegations regarding any purported improper subrogation activity whatsoever by Allstate, including, but not limited to: negligence; contractual insurance coverage of any kind; statutory insurance bad faith; breach of contract; breach of the implied covenant of good faith; constructive fraud; conversion; civil conspiracy; aiding and abetting; unfair claim settlement practices; unfair trade practices; unfair insurance practices; conversion; premium overcharges; fraud; misrepresentation; deception; consumer fraud; interference with contract or business expectations; injunctive relief; declaratory judgment; unfair competition; unjust enrichment; deceptive practices; unfair business practices; breach of fiduciary duty; mental or emotional distress and/or common law bad faith, relating in any way whatsoever to Allstate's subrogation practices in Montana, and/or which were brought or could have been brought in the Action.

20. "Released Persons" means Allstate, as defined in the Agreement, and any of its past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof.

21.  "Unknown Claims" means any claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by the Agreement, as to any of the Released Claims, as specifically defined above, so that each Settlement Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by the Agreement to the full extent permitted by law, and to the full extent of claim preclusion and *res judicata* protections.

22.  It is hereby determined that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

23.  Within 90 days after the Effective Date, Class Counsel and/or other attorneys for the Named Plaintiffs in this Action, or any Settlement Class Member or their counsel, shall destroy all Proprietary Information provided by Allstate to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with the Agreement. Class Counsel shall deliver a letter to Allstate's counsel certifying their compliance with this Paragraph.

Further, neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel, nor any other attorney or Person who shall have access to this information, shall use any of this Proprietary Information in any other litigation or proceeding, current or future, or for any other purpose whatsoever.

24. Also in furtherance of this confidentiality provision, Class Counsel and the Named Plaintiffs, and any Settlement Class Member or their counsel, shall not make any statements to the media, orally or in writing, about the Action, or the Settlement, other than statements that are fully consistent with the Agreement and the Class Notice, except in a *bona fide* court proceeding relating to the subject matter of the Action.

25. The Agreement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Allstate, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Allstate. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons,

11

except in any proceedings brought to enforce the Agreement or otherwise with the written consent of Allstate at its sole discretion; however, Allstate may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

26. The Court has considered the request for a Class Representative award and approves and awards the Named Plaintiffs Seth Konecky and Jennifer Konecky in the amount of $5,000 each to be paid out of the Settlement Fund amount by Class Counsel.

27. The Court has considered Class Counsel's request for an Attorneys' Fees award for the prosecution of this action, and hereby makes an Attorneys' Fees award in the amount of $668,375 representing 25% of the $2,673,500 Settlement Fund and, additionally, an award for costs of litigation in the amount of $8,545.00. The class representative fees and all costs and expenses of the Settlement, including the administrative costs, will be paid out of the Settlement Fund.

28. This Final Judgment is a final order in the Action within the meaning and for the purposes of Rules 23(e), 41, and 54 of the Federal Rules of Civil Procedure as to all claims among Allstate on the one hand, and the Named

Plaintiffs, Class Representative and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

29. This Court will not retain continuing jurisdiction over this Action for any purpose. *See Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). The Clerk of Court is directed to enter a judgment of dismissal and close this case.

DATED this 15th day of February, 2019.

14:05 P.M.

Donald W. Molloy, District Judge
United States District Court